r98587remand











NUMBER 13-98-587-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


CONSUELO FREEMAN, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 347th District Court of Nueces County, Texas.


 


MEMORANDUM OPINION ON REMAND



Before Justices Hinojosa, Yañez, and Castillo


Opinion by Justice Yañez


 

 Appellant, Consuelo Freeman, appeals her conviction for retaliation. (1) In our original
opinion in this case, a divided panel of this Court: (1) overruled appellant's first point of
error, in which she challenged the trial court's failure to hold a competency hearing; and
(2) sustained appellant's second point and reversed her conviction, holding that appellant's 
trial counsel was ineffective for failing to file a motion to recuse the trial judge. See
Freeman v. State, No. 13-98-587-CR, 2001 Tex. App. LEXIS 5638 (Corpus Christi Aug.
16, 2001) (not designated for publication), rev'd, No. 2156-01, 2003 Tex. Crim. App. LEXIS
711 (Nov. 5, 2003). 

 The court of criminal appeals reversed, holding that the record is insufficient in this
case to support the ineffective assistance claim addressed by this Court because of
appellant's failure to develop a record in the trial court establishing the claim. See
Freeman, 2003 Tex. Crim. App. LEXIS at *3. The court noted that "in cases like this 'the
record on direct appeal is simply undeveloped and cannot adequately reflect the failings
of trial counsel.'" Id. at *2 (quoting Thompson v. State, 9 S.W.3d 808, 813-14 (Tex. Crim.
App. 1999)). The court of criminal appeals remanded the case to this Court to consider
appellant's two remaining points of error. Id. at *3-*4.

 In her third and fourth points of error, appellant contends her trial counsel was
ineffective for failing to: (1) request appointment of an independent mental health expert;
and (2) present any evidence at the punishment phase of the trial. Like the ineffective
assistance claim we previously addressed, appellant's additional claims of ineffective
assistance were also raised "without having developed a record in the trial court during the
trial or during a motion for new trial hearing for the purpose of establishing these claims." 
See id. at *1. Accordingly, we hold that the record on direct appeal is inadequate to permit
a reviewing court to fairly evaluate appellant's remaining claims of ineffective assistance. 

 As the court of criminal appeals has noted, "the proper procedure for raising [a claim
of ineffective assistance] is almost always habeas corpus." Aldrich v. State, 104 S.W.3d
890, 896 (Tex. Crim. App. 2003); see also Bone v. State, 77 S.W.3d 828, 837 n.30 (Tex.
Crim. App. 2002); Thompson, 9 S.W.3d at 814. We overrule appellant's third and fourth
points of error and affirm the judgment of the trial court. 


 

 LINDA REYNA YAÑEZ

 Justice


 


Do not publish. Tex. R. App. P. 47.2(b).


Opinion delivered and filed this the

18th day of March, 2004.

1. Tex. Pen. Code Ann. § 36.06 (Vernon Supp. 2004). Although section 36.06 has been amended,
the amendments are not material for purposes of this opinion. Thus, we cite to the current version of the
statute.